IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.   Criminal No. 3:12CR155

EDWARD D. JONES, JR.

## MEMORANDUM OPINION

Edward D. Jones, Jr., proceeding pro se, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 29).[1] Jones contends that he experienced ineffective assistance of counsel[2] in conjunction with his sentencing. Specifically, Jones demands relief because counsel was ineffective for "failing to properly argue the sentencing enhancement [USSG §] 2D1.1(b)(1)." (§ 2255 Mot. 4.) The Government has responded, asserting that Jones's claim lacks merit. (ECF No. 31.) Jones filed a reply. (ECF No. 32.) For the reasons set forth below, Jones's § 2255 Motion (ECF No. 29) will be denied.

---

[1] The Court employs the pagination assigned to Jones's submissions by the CM/ECF docketing system. The Court corrects the spelling and punctuation in quotations from Jones's submissions.

[2] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

## I. PROCEDURAL HISTORY

On October 9, 2012, the Government filed a Superseding Criminal Information charging Jones with conspiracy to distribute five (5) kilograms or more of cocaine hydrochloride. (Superseding Criminal Information 1, ECF No. 3.) On October 10, 2012, Jones entered into a Plea Agreement in which he agreed to plead guilty to the one-count Superseding Criminal Information. (ECF No. 9.) On January 15, 2013, the Court entered judgment against Jones and sentenced him to 135 months of imprisonment. (J. 2, ECF No. 25.) Jones did not file a direct appeal.

## II. ANALYSIS

### A. Ineffective Assistance Of Counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires

2

a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

Jones's only claim is that counsel was ineffective for failing to properly argue against a two-point sentencing enhancement for possession of a firearm, pursuant to § 2D1.1(b)(1) of the United States Sentencing Guidelines. (§ 2255 Mot. 4.) He asserts that counsel was ineffective "for failing to argue the inconsistenc[y] of the government['s] argument." (Id. at 9.) Jones further argues that counsel was ineffective for not knowing the burden of proof, and for "present[ing] no evidence to show that it was improbable that the weapon was possessed in connection with the offense." (Reply 8.)

Prior to sentencing, counsel filed a written objection to the § 2D1.1 enhancement. (ECF No. 21.) During Jones's sentencing hearing, the Government presented testimony from

3

Officer Nathan Necolettos of the Chesterfield County Police Department. (Jan. 10, 2013 Tr. 5, ECF No. 28.) After Jones's arrest, Officer Necolettos was involved in the search of Jones's residence. (Jan. 10, 2013 Tr. 7.) During the search, Officer Necolettos located a money counting machine on a table in Jones's bedroom. (Jan. 10, 2013 Tr. 9-10.) The machine was turned on. (Jan. 10, 2013 Tr. 11.) Inside the drawer of the table were various items, including a black gun case. (Jan. 10, 2013 Tr. 12.) A cord was wrapped around the case, and the case was slightly open. (Jan. 10, 2013 Tr. 12.) Inside the case, Officer Necolettos found a Glock .45 caliber handgun. (Jan. 10, 2013 Tr. 13.)

During cross-examination, Jones's counsel confirmed, through Officer Necolettos' testimony, that no firearm was found on Jones's person upon his arrest. (Jan. 10, 2013 Tr. 18-19.) Counsel introduced into evidence a receipt from L. Oppleman, Inc., a pawn shop, showing that Sherwin Jones, Jones's brother, had purchased the firearm in question. (Jan. 10, 2013 Tr. 28-29.) Officer Necolettos confirmed that the receipt was legitimate. (Jan. 10, 2013 Tr. 29.)

Counsel then presented testimony from Sherwin Jones. (Jan. 10, 2013 Tr. 33.) Sherwin testified that he had come to stay with Jones for a few days, and that he had brought the firearm.

(Jan. 10, 2013 Tr. 34.) He stayed in the basement and kept the firearm with him at all times. (Jan. 10, 2013 Tr. 37.) The night before Jones was arrested, Sherwin stayed in Jones's bedroom because Jones had left for the night. (Jan. 10, 2013 Tr. 41.) Sherwin testified that he placed the firearm on the nightstand, but did not see a money counting machine. (Jan. 10, 2013 Tr. 41-42.)[3]

After testimony concluded, counsel argued that there was no evidence that the firearm was connected with the offense of "the counting of the 500-plus thousand dollars, taking it to the location in Lynchburg five-some miles away, and having the transaction at the hotel in question." (Jan. 10, 2013 Tr. 62.) Counsel stated that the only evidence the Government had presented was that the firearm was "in the house in the room on a time and date in question." (Jan. 10, 2013 Tr. 63.) Counsel also argued that the fact that Jones did not carry a firearm to the transaction "creates a strong presumption that he never had a firearm." (Jan. 10, 2013 Tr. 72.)

Jones is correct that twice during argument, the Court had to correct counsel's understanding of the standard for applying

---

[3] As previously noted, the gun was recovered from a drawer, not from the top of the nightstand.

the enhancement. (Jan. 10, 2013 Tr. 58-59, 61-62.)[4] Even so, the record establishes that counsel vigorously argued against the § 2D1.1 enhancement. Jones asserts that counsel "presented no evidence to show that it was improbable that the weapon was possessed in connection with the offense." (Reply 8.) However, the record is clear that counsel presented the testimony of Sherwin Jones in an attempt to do just that. Counsel cannot be faulted for the Court's determination that Sherwin Jones's testimony was not credible.

Jones also argues that counsel was ineffective for not pointing out inconsistencies in the Government's argument. Contrary to Jones suggestion, there was nothing inherently inconsistent between the Government's observation that the gun had not merely been left in the nightstand the night before and its assertion that handgun was in the night stand when money had been counted a few days earlier.

Jones fails to demonstrate that counsel performed deficiently. Furthermore, he fails to demonstrate that he was

---

[4] Section 2D1.1(b)(1) applies "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) cmt. n.11(A) (U.S. Sentencing Comm'n 2012). It appears that counsel was confusing that standard with 18 U.S.C. § 924(c), which criminalizes the use or carrying of a firearm during a crime of violence or drug trafficking crime.

prejudiced by any omission of counsel. Accordingly, his claim will be dismissed.

### III. CONCLUSION

For the foregoing reasons, Jones's § 2255 Motion (ECF No. 29) will be denied. The action will be dismissed. The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to Jones and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: June 30, 2016
Richmond, Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:12CR155

EDWARD D. JONES, JR.

## ORDER

In accordance with the accompanying Memorandum Opinion, it is hereby ORDERED that:

1. Jones's claim is dismissed;

2. Jones's § 2255 Motion (ECF No. 29) is denied;

3. The action is dismissed; and

4. The Court denies a certificate of appealability.

Jones is advised that he may appeal the decision of this Court. Should he wish to do so, a written notice of appeal must be filed with the Clerk of the Court within sixty (60) days of the date of entry hereof. Failure to file a timely notice of appeal may result in the loss of the ability to appeal.

The Clerk of the Court is directed to send a copy of this Order to Jones and counsel of record.

It is so ORDERED.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Date: June 30, 2016
Richmond, Virginia